In re Alan S. **TOPPELBERG,** Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 09–BG–85.**

District of Columbia Court of Appeals.

Decided March 5, 2009.

Before REID and FISHER, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The respondent, Alan S. Toppelberg, a member of the bar of this court has admitted to violating a number of the D.C. Rules of Professional Conduct while representing four different clients. Specifically, respondent admits that he failed his obligations to provide competent, zealous, and diligent representation; violated his duties to act promptly and to communicate adequately with his clients; did not maintain appropriate records on the handling of client funds, did not promptly deliver those funds to his clients or third parties otherwise entitled to receive them, and did not take timely steps to protect his clients' interests, including surrendering papers and property, after he was discharged; did not exercise appropriate supervisory authority over other lawyers or nonlawyers, or see that his firm had measures in effect to reasonably assure compliance of all lawyers in his firm with the Rules of Professional Conduct; made false statements of material fact to a tribunal and in connection with a disciplinary matter, engaged in conduct involving dishonesty, fraud, deceit, misrepresentation, and which seriously interfered with the administration of justice; and, finally, that he did not withdraw from representation when it resulted in a violation of the Rules or other law and continued to practice law after having been suspended.[1]

Respondent made these admissions in the petition for negotiated discipline, and supporting affidavit, that was prepared by Bar Counsel and jointly filed on November 7, 2008.[2] The Board on Professional Responsibility referred the petition to Hearing Committee Number Eleven, and following a hearing on December 19, 2008—at which respondent reaffirmed his admission to all of the factual allegations in the petition, acknowledged that each constituted a violation of the Rules of Professional Conduct, stated that he understood the ramifications of the proposed sanction, and had not been coerced, placed under duress, nor promised anything that was not contained in the petition[3]—the Committee issued the report now before this court that recommends the negotiated sanction be imposed.[4]

We have reviewed it in accordance with our procedures in uncontested discipline cases,[5] and hereby accept the Hearing Committee's Report and Recommendation approving the petition for negotiated discipline. Accordingly, it is,

ORDERED that Alan S. Toppelberg is suspended from the practice of law in the District of Columbia for the period of one year with reinstatement conditioned upon respondent providing proof of his fitness to

---

1. In all, respondent has admitted to one or more violations of each of the following rules of professional conduct: R. 1.1(a)-(b); 1.3(a), (b)(1)-(2), (c); 1.4(a)-(b); 1.15(a)-(b); 1.16(a)(1), (d); 3.2(b); 3.3(a)(1); 5.1(a)-(b); 5.3(b); 5.5(a); 8.1(a); 8.4(a), (c)-(d); as well as D.C. Bar R. XI, §§ 2(b)(3) and 19(f).

2. *See* D.C. Bar R. XI, § 12.1(b) (2008 Supp.); Bd. Prof. Resp. R. 17.3.

3. *Id.* R. 17.5; D.C. Bar R. XI, § 12.1(c) (2008 Supp.).

4. Bd. Prof. Resp. R. 17.6.

5. D.C. Bar R. XI, § 12.1(d) (2008 Supp.).

practice law. For the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g) (2001 & 2008 Supp.).

*So ordered.*